976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William B. KNOX, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3218.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1992.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 William B. Knox appeals from the final decision of the Merit Systems Protection Board (MSPB), Docket No. DA315H9110581, which upheld the decision of the administrative judge dismissing the appeal for lack of jurisdiction. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 The Department of the Air Force appointed Knox to the position of Preservation Packager on June 25, 1990, subject to a one-year probationary period. On June 7, 1991, eleven months and twelve days later, the agency terminated his employment because the agency had determined that he was physically unable to perform the duties of his position.
 
 
 3
 Knox's first contention in this appeal is that the provisions of AFR 40-452 require a probationary employee's supervisor to make a written certification of the probationer's performance not later than the tenth month of probation; that his supervisor failed to make the required certification within the 10-month period, and therefore, that his probationary period ended on the tenth month of his employment, thus giving him the right to appeal to the MSPB pursuant to 5 U.S.C. § 4303(f)(2) (1988). We reject this argument on the ground that there is nothing in the Air Force regulation which confers career conditional status upon a probationary employee, merely because his supervisor failed to make the required certification within the 10-month period. His probationary period was one year, not ten months, regardless of when he received the certification from his supervisor, 5 C.F.R. § 315.801(a), § 315.802(a) (1991).
 
 
 4
 Knox's next and principal argument is based on 5 C.F.R. § 315.806(b) (1991), which provides that a probationary employee may appeal a termination for pre-appointment reasons on the ground that his termination was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805 (1991). The notice of termination contained a review of Knox's medical history, which indicated that he had a 10 percent disability at the time he was separated from the United States Army and that he had not revealed this when he applied for the position of Preservation Packager in the Air Force. On this basis, Knox contends that the MSPB had jurisdiction, because he has established that his termination was based upon pre-appointment conditions and was not effected in accordance with proper procedural requirements. However, the administrative judge found that the agency's reference to Knox's failure to disclose his pre-appointment physical disability did not establish that the termination action was taken for that reason. The administrative judge also found that the assessment of Knox's physical condition after he was employed and the restriction on his ability to perform his duties led the agency to terminate him. Therefore, the administrative judge determined that Knox was terminated because of his unsatisfactory performance prior to the end of his probationary period for post-appointment reasons only. Upon our review of the record, we conclude that these findings are supported by substantial evidence.
 
 
 5
 Finally, even if we assume that Knox was terminated because of his pre-appointment physical condition, he cannot prevail on the jurisdictional issue. It is well settled that the procedural safeguards of § 315.805 do not apply to pre-appointment physical conditions which affect the employee's performance. Instead, these procedures are required where the separation of the employee is proposed for reasons other than performance deficiencies, such as the falsification of employment applications. Cohen v. United States, 384 F.2d 1001, 1004 (Ct.Cl.1967) (construing the predecessor of § 315.805); Holloman v. Department of the Army, 31 M.S.P.R. 107, 110 (1986).
 
 
 6
 Because Knox has failed to establish that the MSPB had jurisdiction of his appeal, the Board's decision is affirmed.